1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6               FOR THE EASTERN DISTRICT OF CALIFORNIA
7
8   Scott N. Johnson,                    )
                                         )    2:12-cv-01543-GEB-GGH
9                    Plaintiff,          )
                                         )
10          v.                           )    ORDER RE: SETTLEMENT AND
                                         )    DISPOSITION
11  West Lane Automotive Center, a       )
    corporation,                         )
12                                       )
                     Defendant.          )
13  _____ )

14          Plaintiff filed a "Notice of Settlement" on September 12,

15  2012, in which he states, "the parties have settled this action[, and

16  d]ispositional documents will be filed within (30) calendar days." (ECF

17  No. 7.)

18          Therefore, a dispositional document shall be filed no later

19  than October 12, 2012. Failure to respond by this deadline may be

20  construed as consent to dismissal of this action without prejudice, and

21  a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to

22  file dispositional papers on the date prescribed by the Court may be

23  grounds for sanctions.").

24          Further, the Status Conference scheduled for hearing on

25  October 1, 2012, is continued to November 26, 2012,  commencing at 9:00

26  a.m., in the event no dispositional document is filed, or if this action

27
28

                                    1

1  is not otherwise dismissed.[1]   A joint status report shall be filed

2  fourteen (14) days prior to the Status Conference.

3         IT IS SO ORDERED.

4  Dated:  September 13, 2012

5

6  _____
   GARLAND E. BURRELL, JR.

7  Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   [1]   The Status Conference will remain on calendar, because the
     mere representation that a case has been settled does not justify
27   vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890
     (9th Cir. 1987) (indicating that a representation that claims have been
28   settled does not necessarily establish the existence of a binding
     settlement agreement).